UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **NATALIE WILLIAMS** | **CIVIL ACTION NO. 23-0443** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE DONALD E. WALTER** |
| **LOUISIANA TRANSITIONAL CENTER FOR WOMEN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Natalie Williams, a prisoner at Louisiana Transitional Center for Women ("LTCW") proceeding pro se and in forma pauperis, filed this proceeding on approximately April 3, 2023, under 42 U.S.C. § 1983.  She names the following defendants: LTCW, Warden Chris Stinson, Major John Murray, and an unidentified owner of LTCW.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

In her initial pleading, Plaintiff claims that she has no access to case law in the law library at LTCW.  [doc. # 1, p. 3].  In an amended pleading, Plaintiff alleges that the library lacks the resources she needs to prepare an appeal.  [doc. # 7, p. 1].  She is "unable to compare [her] case through a case law database."  *Id.*  She states that she cannot effectively fight for her "freedom due to the lack of resources in the law library at LTCW."  *Id.*  She attaches a letter from a "worker in the law library[,]" in which the worker states:

    - Don't have access to new laws when passed

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

> -Have LexisNexis but never been trained on how to work it
>
> -Last law book is 2018 edition
>
> -Need steps and process for Appeal (How to file appeals)
>
> -Ms. Shala (DOC coordinator)
>
> -I have no access to print out rapsheets to help work on ARPs
>
> -No internet access
>
> -Charging .25 for ARP, Interstate compact, parole packet
>
> -No-indigent-program

[doc. #s 7, p. 1; 7-1].

Next, Plaintiff claims that "there is an infestation of black colored mold growing on the walls and coming out of the vents." [doc. # 1, p. 3]. There is black mold on her sheets. *Id.* She has written "the warehouse for more sheets[,]" but she has not received a response. *Id.* She is "not offered cleaning supplies on a daily basis." *Id.* She alleges that she is at risk of exposure to the black mold. [doc. # 7, p. 1].

Plaintiff claims that the space in which she is confined smells of bleach and mold. [doc. # 1, p. 3].

Plaintiff claims that the water in the sink, shower, and water fountain is contaminated with a brown substance. *Id.* She alleges that the brown contaminants in the water caused rashes on her "right inner and upper thigh." [doc. # 7, p. 1].

Plaintiff claims that since August 18, 2021, she has been denied daily recreation. [doc. #s 1, p. 3; 7, p. 2]. She is allowed outside approximately twice each month. [doc. # 1, p. 3]. The lack of recreation caused her to develop acid reflux, which renders it difficult for her to keep

"anything down especially at night." [doc. # 7, p. 1]. She is "confined 24 hours a day to a shared living space with no movement unless during meal times." *Id.* at 2.

Plaintiff claims that she has not "been assigned to any classes to help better [her] for society." *Id.*

Plaintiff claims that she is not receiving proper medical attention when she is seen by the nurse. [doc. # 7, p. 1]. She states that she was sentenced to 15 years of incarceration, but she has "not spoken with any counselors [or] life coaches . . . ." *Id.* at 2.

Plaintiff claims that there "are no ARP forms in the housing unit." [doc. # 1, p. 3].

Plaintiff seeks release from confinement, a transfer to a state prison, and "repayment[.]" [doc. #s 1, p. 4; 7, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because she is proceeding in forma pauperis, her Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action

in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Transfer**

Plaintiff asks the Court to order her transfer to another facility. [doc. # 1, p. 4]. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as

5

the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." La. Rev. Stat. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of her choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss her request for a transfer.

**3. Habeas Corpus Relief**

Plaintiff seeks release from confinement. [doc. #s 1, p. 4; 7, p. 2].

Habeas corpus relief is unavailable through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may pursue her request for release from custody in a separate habeas corpus action. The undersigned cautions that Plaintiff must first exhaust all her available *state* remedies before she may obtain habeas corpus relief in this Court. The undersigned also cautions Plaintiff that habeas corpus relief is generally unavailable as a remedy for claims that are not related to the cause of the prisoner's confinement. *See generally Pierre v. United States*, 525 F.2d 933,

935-36 (5th Cir. 1976).

**4. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Apart from seeking a transfer and habeas corpus relief, Plaintiff seeks only monetary relief.[3] [doc. #s 1, p. 4; 7, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action while incarcerated at LTCW. [doc. # 1, p. 2]. As to all her claims, she seeks monetary compensation for only mental, emotional, or de-minimis physical injuries.

Plaintiff first states: "The injury is the entrapment I deal with on a day to day basis in these conditions here at LTCW." [doc. # 7, p. 1]. The Court, however, does not discern any

---

[3] Specifically, Plaintiff seeks "repayment for risking [her] health and blocking [her] from pursuing [her] freedom." [doc. # 7, p. 2]. The undersigned construes Plaintiff's request for "repayment" as a request for compensatory damages.

injury from Plaintiff's statement that she is or was entrapped.[4]

Plaintiff does state that brown contaminants in the water caused rashes on her "right inner and upper thigh." [doc. # 7, p. 1]. However, under Plaintiff's allegations, her rashes do not constitute greater-than-de-minimis physical injuries. *See Holder v. Hebert*, 2007 WL 4299996, at *3 (W.D. La. Nov. 8, 2007) (finding that a rash on the plaintiff's legs caused by conditions in a shower was de minimis); *Gins v. J.B. Evans Corr. Ctr.*, 2009 WL 196199, at *4 (W.D. La. Jan. 23, 2009) (finding that a nonspecific rash "sustained as a result of taking cold showers" was de minimis); *Perez v. Richland Par. Det. Ctr.*, 2019 WL 6038031, at *10 (W.D. La. Oct. 24, 2019), *report and recommendation adopted,* 2019 WL 6003241 (W.D. La. Nov. 13, 2019) (finding that a heat rash was de minimis).[5]

Plaintiff does not allege that she suffered any greater-than-de minimis physical injury. And she does not allege that she was a victim of a "sexual act" as defined in 18 U.S.C. § 2246.

---

[4] *See* ENTRAPMENT, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A law-enforcement officer's or government agent's inducement of a person to commit a crime, by means of fraud or undue persuasion, in an attempt to cause a criminal prosecution against that person.").

[5] *See also Bryant v. Lafourche Par. Det. Ctr.*, 2010 WL 1980207 (E.D. La. May 14, 2010) (finding that a rash and stomach aches from unclean water were de minimis); *Galo v. Blanco*, 2006 WL 2860851, at *4 (E.D. La. Oct. 4, 2006) (a "few scrapes and a rash" were de minimis); *McFarland v. Brooks*, 2016 WL 1091096, at *9 (N.D. Miss. Mar. 21, 2016) (rash and loss of leg hair were de minimis); *Ervin v. Hill*, 2005 WL 3742791, at *3 (N.D. Tex. Nov. 10, 2005) ("conclusory assertions" that inmate needed treatment "for cuts, rashes, cold and flu-like symptoms, infection, and migraine headaches" because he was exposed to "a staph-infected environment" were "insufficient to establish 'physical injury' under the PLRA"); *Myers v. Valdez*, 2005 WL 3147869 (N.D. Tex. 2005) (finding an "extreme rash" de minimis); *Crawford v. Epps*, 2015 WL 5178125, at *7 (N.D. Miss. Sept. 4, 2015) ("sunburn-like rash lasting two days (from being sprayed with a chemical agent)"); *Collins v. Caskey*, 2009 WL 2368578, at *4 (S.D. Miss. July 29, 2009) (rash on the small of the plaintiff's back that spread to his arms and legs); *Stanberry v. Coahoma Cnty. Jail*, 2009 WL 1766819, at *1 (N.D. Miss. June 22, 2009) (rash caused by ant bites); *McClain v. Wilkinson*, 2008 WL 1860203, at *7 (W.D. La. Apr. 4, 2008) (rashes, sores, weight loss, flaking skin, scabs, and a boil from the denial of a shower for one week were de minimis); *Tucker v. Dallas Cnty. Sheriff*, 2006 WL 536188, at *2 (N.D. Tex. Jan. 24, 2006) (rashes and vomiting from unsanitary showers).

Thus, she may not recover monetary relief for any mental, emotional, or de-minimis physical injuries. Moreover, she does not describe any other injury or damage compensable by monetary relief.

Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As she does not seek any other cognizable relief,[6] the Court should dismiss her claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Natalie Williams's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of June, 2023.

---

[6] As above, the undersigned recommends dismissing Plaintiff's request for a transfer and request for habeas corpus relief.

_____
Kayla Dye McClusky
United States Magistrate Judge